## ROBERT BEATTIE v. PATRICK CONNOLLY ET AL.

1. An action in tort will not lie against a person who takes clay from an open pit, such person being in possession of the premises under a parol agreement to purchase, and with which agreement he failed to comply.
2. The case of *Freeman* v. *Headley*, 4 *Vroom* 523, distinguished.

On rule to show cause.

The action was, in form, *quare clausum fregit*. The defendants were the owners of a brickyard, which was sold under a foreclosure, at which sale the plaintiff became the purchaser and took a deed from the sheriff, dated March 21st, 1874. On the day of the sale, or within a day or two thereafter, the plaintiff agreed orally to give the defendants two months to re-purchase the premises at a fixed price. At the expiration of the two months, the defendants not being prepared to comply, the time for re-purchase was extended for the further period of three months, a note for the consideration money and a deed being then placed in escrow. At the time thus extended, the defendants again made default, and, subsequently, the contract was put an end to and abandoned.

The defendants were in possession of the property, using it as a brickyard, from the date of the sale, March 21st, 1874, until some time in April, 1875. There was evidence tending to show that such possession and use were with the knowledge and consent of the plaintiff.

Argued at November Term, 1876, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON and REED.

For the plaintiff, *Gilbert Collins*.

For the defendants, *Tuttle & Griggs*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The question at the trial of this cause, which was left to the jury, was whether, for the period in controversy, the possession and use of the property by the defendants were with the permission of the plaintiff, the judicial instruction being, that this being so, the action could not be maintained.   To the rule of law thus declared the counsel of the plaintiff objected, taking the ground that even if the possession and use were thus permissive, still, as the defendants were let into the possession of the premises under a parol contract of sale, their subsequent refusal to comply with its terms, totally expunged the plaintiff's consent to their occupying and using the property as described, and made the conversion of the clay into bricks, acts of waste, remediable by an action founded in tort.   The jury has found, upon what would seem to be satisfactory evidence, that the defendants' enjoyment of this land was with the assent of the plaintiff.   Assuming this fact to be settled, nothing is left in the case for our decision, at the present time, except the question of law above stated.

The line of argument on the side of the plaintiff, on the point in question, was this: That when a purchaser of land is let into possession before conveyance and previously to the payment of the price, such privilege rests upon the tacit condition that he will take the property at the time and on the terms agreed upon, and, that when the condition is broken, the permission to occupy the property is so entirely obliterated that it is to be regarded as never having existed.   Upon this theory the defendants, having failed to take the land in the manner stipulated, would be left as naked trespassers, who had entered upon and occupied the property without any color of right, and the consequence would be that this present action of trespass would lie against them.   In support of this reasoning, the case of *Freeman* v. *Headley*, 4 *Vroom* 523, as decided by the Court of Errors, is relied upon.

But upon a careful examination of the case thus cited, it seems to me that the rules of decision in that instance adopted,

are not capable of being applied with anything like generality, but must be confined to a combination of facts, identical with those forming the ground of that judgment. To adopt those rules as cardinal principles, and to attempt to extend them over any class of affairs, would, as it appears to me, be attended with insuperable difficulties. That was a suit arising out of a parol sale of land, and before conveyance, the vendee asked permission to take down an old building standing on the premises, to which request the vendor assented, and the jury found that such consent was given upon the condition that the plaintiff should take the property under the agreement. Upon this state of facts, two things were decided : First, that the license was inoperative, as the condition on which it had been given was not complied with ; and, second, that the purchaser was in possession of the land, as a tenant at will, and should respond for the waste done by him. Now it appears to me that these two results are diametrically opposite to each other. If the license was inoperative, with respect to the demolition of the building, why was it not equally so with respect to the purchaser's possession of the land ? The authority given was to take down the building. This implied a leave to enter—this latter right being a mere incident to the former—but if the destruction of the building was unauthorized, the entry upon the land was equally so. The license being struck out of the case, it would seem inevitably to follow that both the entry, for the purpose of taking down the building as well as the taking it down, were tortious. There could be no pretence that, as purchaser in prospect, a vendee could any more enter upon the land, without special permission, than a stranger could ; and there was no special permission set up, except the license. This having been expunged by the court, I am not able to see how, by his entering upon the land without authority, the purchaser was other than a mere trespasser. The decision was, that by such entry, he became a tenant at will to the vendor. It is not apparent how this is not equivalent to the doctrine that if A, without authority, enters upon the land of B and tears down a build-

ing, B may treat him as his tenant and sue him for waste. I am utterly unaware by what authority, or by what course of reasoning, such a rule, as a general one, is to be maintained.

It will be observed that if we endeavor to draw a general principle from this decision on this first point, it would seem to be this : that when an act is done under a license which is void, or which afterwards becomes so, such act may be separated, so that, in part, it may be regarded as authorized, and in other respects unauthorized. No authority has been cited to countenance such a rule, and it is obvious that in its practical application, we should be subject to infinite embarrassments.

Nor, as a thing to be made use of, is the other resolution in the case referred to, better adapted to the promotion of justice. It is to the effect that, when an act is done under a license, which is conditioned with the obligation that the licensee shall perform something on his part, at a subsequent time, that the non-performance of such obligation, will render the license void, *ab initio*. Thus an act, which was authorized and lawful when done, becomes unauthorized and unlawful by a matter *ex post facto*. Nor is this force ascribed to such a contract, on the ground that the stipulation occurred in an oral contract, relating to the sale of lands, and, therefore, not enforceable by suit at law. This feature of the case had nothing to do with this result, which was reached by what was deemed a right interpretation of the terms used. The rule, therefore, is one of exposition, and would apply to all agreements founded on conditions, whether oral or written. It would seem, therefore, that if this resolution is to be deemed a general rule of law, that it would, to a great degree, abolish the distinction between conditions precedent and conditions subsequent. Indeed, it does not even appear how, under the prevalence of such a rule, a buyer of goods, the same being purchased and taken into possession, on his promise, or on condition that he would pay for them at a future day, could, if he failed in making payment, save himself from being treated as a trespasser, and sued as such. Upon the ground taken in the

case now considered, his contract could be no justification,. "unless the condition should be performed," and, consequently, his title to the articles bought, for a time valid, would appear to be divested. Nor does this rule, which, by retroaction, would transmute the lawful into the unlawful, commend itself to the judgment, on account of any capacity possessed by it to bring about just results. That it did so, in its application to the case of Freeman v. Headley, is unquestionable; but that it would often operate adversely to justice, is equally unquestionable. The latter would be the case whenever the licensee, by virtue of his license, had performed two distinct acts—the one beneficial and the other injurious to the premises. In such event, to convert the licensee into a trespasser, would produce the inequity of holding him liable for the damage done, without putting anything to his credit for the improvement put by him upon the land. If, in the case commented on, the purchaser of the property, besides destroying the building standing upon it, had erected another building, in another place, upon it, or had built an expensive wall around it, and, in some other respect, had improved it, the conclusion to turn the act which he had done by the assent of the owner of the land, into a trespass, would not, in all probability, have been reached without some misgiving as to the legal propriety of the rule forming the ground of judgment. It will be found, upon reflection, that it is not often that the measure of damages, which the law has established in case of tort, can be appropriately used as a criterion of the loss, on a breach of contract, and the endeavor to do so, would render the subject intricate and obscure. If a purchaser be put into the enjoyment of land, with a license to cut the timber upon it, on his promise to take the title and pay the consideration at a future day, if we follow the well-marked course of the authorities, the rights and responsibilities of such vendee are subject to no uncertainty. But if we depart from such course thus marked out, and regard a breach of contract as a tort, we enter upon a path not only untried, but extremely obscure. Even in the present case, the rule could not be used

with an approximation to justice, for if we turn the defend-
ants' refusal to take the land into a defeasance, *ab initio*, of
the entire contract, and treat them as trespassers in taking
away the clay from the pits, it seems necessarily to follow
that their title to the bricks, when made, was worthless, so
that the amount of damages for which they would be re-
sponsible, would be the value of their own labor added to the
value of the material.   Indeed, it would be difficult to sustain,
against a replevin by the plaintiff, the title of *bona fide* pur-
chasers of such bricks.   It is not to be supposed that the
Court of Errors, in its treatment of the case of Freeman *v.*
Headley, had any intention of laying down a broad principle
that could not be applied to many cases without manifest
injustice.

But, in point of fact, the present case does not come within
the scope of the decision which has been the subject of the
above remarks.   The distinction between the cases is, that in
the one now before us, it is clear that the defendants did no
waste to the premises by taking the clay in question.   To
take clay from open pits is not a spoil of the property ; it is
a legitimate and not a tortious use of it.   To open new pits
and take clay from them, would be waste, but not so the use
of pits already opened.   1 *Wash. on Real Prop.* 111.

It is impossible, therefore, to sustain this action on the
theory that the facts in evidence show that the plaintiff has a
right of suit, founded in a tort.

Nor is this a case in which this court should order a new
trial, in order to enable the proceedings to be amended by
converting the action into a form applicable to a contract.   It
may well be, notwithstanding what was said in *Brewer* v. *Con-
over's Adm'rs* 3 *Harr.* 214, that on the circumstances, as they
appear to exist in this case, that an action on an implied con-
tract for use and occupation of the premises in question, will
lie against these defendants.   But that matter cannot now be
considered, as it is not before the court.   This case has, in all
its stages, been treated as an action *ex delicto*.   It was so tried,
and no choice was left to the judge presiding on that occasion,

to treat it otherwise in submitting the case to the jury.   The parties have really tried what they meant to try; that is, whether the defendants were to be treated as tort-feasors.   On that issue thus raised and tried, the defendants have been successful, and there is no reason why they should be subjected to the expense of a new trial in the present action.   The plaintiff is not prevented from suing, if he shall be so advised, in a form of action more favorable to his pretensions.

The rule should be discharged, with costs.